IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Action No. 3:05CR62-2

JOSUE SANTANA,

    Defendant.

### REPORT and RECOMMENDATION

On the 16th day of June, 2006, the parties appeared for a hearing on the Defendant's Motion to Suppress evidence seized by the police.

### Facts and Authorities

The evidence showed that an automobile similar to the Defendant's automobile was seen by police as being involved in an undercover drug purchase for crack cocaine.

The Defendant was stopped by police, who were following him after he drove left of center and also it was observed by police that the Defendant's automobile had an expired New York license. This constitutes a lawful stop under *Terry v. Ohio,* 392 US 1(1968).

Further, the police had previously observed an illegal drug transaction in an automobile like the Defendants, and police were conducting surveillance prior to stopping the automobile, of the auto outside the Holiday Inn Express Motel that they followed from the place of the controlled "buy". Under *United States v. McQueen,* No. 04-5035 a 4th Circuit decision, it is held that a "suspicious vehicle" may be subject to a "Terry Stop".

After the lawful stop by police, the Defendant consented to a search of his vehicle when he was told that a drug sniffing dog and officer were on their way to the scene. No evidence was presented to show any type of force was used or threatened.

When the Defendant was searched at the scene after his lawful stop, $1800.00 was found in his shoe and the drug dog alerted to the drivers seat of Defendant's but no drugs were found.

Later, the Defendant was taken before a Berkeley County Magistrate and charged with additional criminal acts and a search warrant was issued by the Magistrate and further evidence was found that is not the subject of this motion.

## Conclusion

The evidence shows that the stopping of the Defendant's auto was lawful due to the auto having expired license; driving left of center, and being a motor vehicle that was being survailled because it was involved in a controlled drug "buy".

The stop having been lawful, the search of the Defendant's person just prior to arrest was lawful and the $1800.00 found on Defendant's person was not subject to suppression.

Further, the Defendant **consented** to his auto being searched when told that an officer was on his way to the scene of the arrest with his drug sniffing dog. The dog and his handler arrived within five (5) minutes of the stop.

Since the stop was legal and consent was given to search the Defendant's auto by the Defendant and Defendant was searched while he was being arrested for various charges, it is

**Recommended** that the Motion to Suppress be **Denied.**

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to mail a copy of this Recommendation to parties who appear pro se and any counsel of record, as applicable.

DATED: June 28, 2006

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE