IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL NO. 3:05CR62-2
                                          (BROADWATER)

**JOSUE SANTANA**,

        Defendant.

## ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On the 30th day of June 2006, the above styled matter came before the Court for a hearing on the Magistrate Judge's Report and Recommendation (Document No. 80). The government was present by Paul T. Camilletti, Assistant United States Attorney. The Defendant was present in person and by counsel, William F. X. Becker.

On June 16, 2006, Magistrate Judge Joel held a hearing on the Defendant's Motion to Suppress and a Supplemental Motion filed thereto (Document Nos. 56 and 64). The Magistrate Judge issued his Report and Recommendation on June 28, 2006. Due to the upcoming trial date of July 11, 2006, the Court scheduled oral argument on the Report and Recommendation for June 30, 2006, at which time the Defendant presented his objections to the Report and Recommendation. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court held a hearing and has conducted a *de novo* review.

At the June 30, 2006 hearing, the parties presented argument on the Report and Recommendation and the Defendant raised his objections. The Court reviewed with the parties their supplemental filings on suppression issues entered subsequent to Magistrate Judge's

hearing of June 16, 2006 (Document Nos. 71 and 72). The Court also heard oral argument on the facts and law relevant to suppression of evidence in this case. Subsequent to the hearing, the Court reviewed unofficial transcripts of the Magistrate Judge's suppression hearing of June 16, 2006.

The Court found that the Defendant's vehicle was being watched after it was observed in connection with an illegal drug deal. The auto stopped several hours later due to traffic, window tinting and registration violations. During the traffic stop, the Defendant reportedly gave officers false information. The Defendant was then searched and arrested on charges of giving false information to a police officer, illegal window tinting and driving without insurance.

The Court finds that the traffic stop was reasonable. Although the notion of hot pursuit is debatable, there were objective violations meriting a traffic stop. See, Whren v. United States, 517 U.S. 806, 813 (1996). The Defendant was then searched and arrested for offenses established prior to the search of his person. In accord with United States v. Miller, 925 F.2d 695, 698 (4 th Cir. 1991) and United States v. Robinson, 414 U.S. 218, 226 (1973), the search of the Defendant was a reasonable search incident to arrest and its fruits are admissible.

For the reasons stated herein and for those placed on the record at the hearing, the Magistrate Judge's Report and Recommendation is **ORDERED ADOPTED**. The Defendant's Motion to Suppress (Document Nos. 56 and 64) is **DENIED**.

The Court will reconsider its decision on the Motion to Suppress if the Defendant is able to raise new arguments that could not have been presented at the June 30, 2006 hearing, because the transcripts of the Magistrate Judge's June 16, 2006 hearing were not yet available. Any such motion shall be filed before the close of business on July 10, 2006.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the Defendant and all counsel of record herein.

**DATED** this 6th day of June 2006.

*/s/ W. Craig Broadwater*
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE